the carriage way. An older brother of the infant plaintiff called him away from the pile at which he was playing, and in passing along, about a foot from the southerly edge of the pit, the infant plaintiff slipped upon the grains of sand upon the sidewalk, recovered himself, slipped again, and fell into the pit feet foremost, and in his descent his head was caught in some part of the apparatus, and he sustained serious injuries. The evidence tends to show that the pit, or "hoistway," as it is called in the record, was unguarded, there being no barrier of any kind in front of it; the folding doors which were provided to cover it being open at the time the accident happened. The learned judge dismissed the complaint on the ground that the cause of the accident and injuries was an independent one, namely, that of the child slipping upon the sand on the sidewalk; or, as he says, "the child slipped, and undoubtedly in slipping rolled into this space, and received the injuries in some way."

We do not think the question of proximate cause was the determinant one in this case. There was a direct connection between the wrong of the defendant in maintaining this open and unguarded pit upon the level of the sidewalk and the injury sustained by the infant plaintiff by falling into that pit. That the slipping upon the sidewalk was the first incident in the chain of causation which led to his falling into the pit is quite clear, but the injuries in the pit would not have been sustained but for the wrong of the defendant in allowing it to remain unprotected and unguarded in or by the side of the highway. There was no sufficient and independent cause operating between the wrong and the injury. If the rule as to proximate cause applied in this case was to be sanctioned, then it is obvious that a person slipping upon the highway, and into a pitfall negligently or unlawfully maintained as an appurtenance to property, is without remedy against a wrongdoer. The doctrine of proximate cause, in its general definition, is well understood, although it is very difficult of application in many concrete cases; but here the direct relation of cause and effect is established, for, had not this pit been open and unguarded, the infant plaintiff, notwithstanding his fall on the sidewalk, could not have sustained the injuries from which he suffered, and that is the cause to which those injuries are directly attributable.

We think the view taken by the learned judge was erroneous, and the judgment must be reversed, and a new trial ordered, with costs to abide the event.

---

NATIONAL GRAMOPHONE CORP. v. AMERICAN TALKING—MACH. CO.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

Libel—Action—Bill of Particulars.

    It is error to require plaintiff to furnish a bill of particulars specifying persons, firms, and corporations whose custom it had lost by reason of the publication by defendant of an alleged libel, before answer by defendant, since, though such information should be furnished defendant before trial, it is not necessary to enable him to answer, as he could deny or justify the publication, or plead matters in mitigation of damages, without the information sought by the bill of particulars.

Appeal from special term, New York county.

Action by the National Gramophone Corporation against the American Talking-Machine Company. From an order directing plaintiff to furnish defendant a bill of particulars, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Frank Cochrane, for appellant.

Henry J. McCormick, for respondent.

PER CURIAM. The order appealed from in this case was prematurely granted. The action was to recover damages for an alleged libel, and it was set forth in the complaint that one of the consequences of the libelous publication was that the plaintiff was injured in its reputation, good name, and business, and that various customers declined and refused to purchase and pay for its goods and wares, and that it became and was unable to sell and dispose of the same to such customers. Before answering, the defendant moved that the plaintiff be required to serve a bill of particulars, specifying, among other things, the names of every person or persons, and their addresses, and whether they be persons, firms, or corporations, whose custom has been lost through said alleged libelous publication, and further specifying "every person and firm to whom he intends to prove the alleged libelous statement was published." The pretext upon which this bill of particulars was asked for is to enable the defendant to answer the complaint. It is quite obvious that the information sought to be obtained by this motion was unnecessary to enable the defendant to answer. It could have denied or justified, or pleaded in mitigation, without being apprised of the names of the plaintiff's witnesses or the persons who had been affected by the publication of the alleged libel. That, after issue joined and before trial, it may become important for the defendant to have some of the information sought to be elicited by the bill of particulars, may be true, but it will be time enough to consider that when the occasion arises.

As it is, the order should not have been made, and must be reversed, with $10 costs and disbursements, and the motion for a bill of particulars denied, with $10 costs.